**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————
                                :

MONMOUTH INVESTOR, LLC,       :      Civil Action No. 09-3063 (FLW)

                         :

         Plaintiff,         :

                         :

          v.            :       **OPINION**

                         :

PETER J. SAKER, JR., et al.,     :

                         :

         Defendants.     :

—————————————————————:

**WOLFSON, District Judge:**

Before the Court is a motion to dismiss pursuant to 28 U.S.C. § 1334(c)(1), filed by defendants, Peter J. Saker, Jr., Joseph J. Raymond, Michael Rutkin, Louis Saker and Matthew Saker (collectively, "Defendants"). This action arises out of a "Guaranty of Payment" (the "Guaranty") by which Defendants allegedly guaranteed Plaintiff Monmouth Investor, LLC ("Plaintiff" or "Monmouth") full payment of any liabilities owing by The Westmon Corporation ("Westmon" or "Debtor"). Currently, 0Westmon is the debtor in a Chapter 11 bankruptcy proceeding, and Plaintiff initiated this action to collect from Defendants payments owed by Westmon. In its Complaint, Plaintiff asserts that this matter is "related to" Debtor's pending Chapter 11 bankruptcy case. In that connection, Defendants move to dismiss Plaintiff's Complaint on the basis that the Court should abstain from asserting jurisdiction over Plaintiff's claims. For the reasons set forth below, Defendants' motion is **GRANTED** and Plaintiff's Complaint is dismissed without prejudice.

## I.   BACKGROUND

For the purposes of this motion, the Court will only recount relevant facts from the Complaint.  Westmon owns and operates a country club in Manalapan Township, Monmouth County, New Jersey, known as The Battleground Country Club.   See Compl., ¶ 10.   In November 2004, Westmon borrowed money from Hilton Realty Co. of Princeton 401(k) Profit Sharing Plan, the Geroge H. Sands and Estelle M. Sands Foundation Under Irrevocable Deed of Trust of George H. Sands and Estelle H. Sands, and RBC Dain Rauscher, Custodian of the Benefit of George H. Sands Individual Retirement Account (collective "Original Lenders"), totaling $3,100,000 in principal; however, the principal increased due to Westmon's operation of the Country Club.  Id., ¶ 11.  At the same time, Defendants made and delivered the Guaranty to the Original Lenders.

Monmouth is a Florida limited liability company formed and existing under the laws of the state of Florida, with its principal place of business in Boca Raton, Florida.  See Compl. at ¶ 1.  Monmouth is the successor-in-interest to the Original Lenders.  Pursuant to the Guaranty, Defendants have allegedly guaranteed the full and prompt payment of any and all liabilities owing by Westmon to Monmouth.  Id., ¶¶ 18, 20, 21 and 23.

Westmon defaulted in the payment of its obligations with respect to its borrowed funds from the Original Lenders.  Id., ¶ 19.  On October 30, 2008 and November 18, 2008, Plaintiff sent demand letters to Defendants requesting them to satisfy Westmon's obligations pursuant to the express terms of the Guaranty.  Id.  Because Defendants have not paid their obligations under the Guaranty, Plaintiff commenced a prior action, Civ. Action No. 09-2129 (MLC), against Defendants in this district on May 1, 2009.  However, that Complaint was sua sponte dismissed

-2-

by the Honorable Mary L. Cooper, U.S.D.J., for lack of diversity jurisdiction between one of the members of the Monmouth Investors and one of the defendants.

At the time of the dismissal, Westmon was a debtor under Title 11 and Plaintiff contends that jurisdiction could have been asserted under "related to" jurisdiction of 28 U.S.C. § 1344(b). Shortly after the dismissal, Plaintiff commenced this action in this Court on June 23, 2009, against the same Defendants.  Count One of the Complaint seeks to enforce the Guaranty and, as the parties acknowledge, is a non-core proceeding.  Id., ¶ 7.  Count Two seeks to subordinate Defendants' interests to that of Plaintiff pursuant to 11 U.S.C. § 510(c), and it is a core matter within the meaning of 28 U.S.C. §§ 157(b)(2), (A), (B) and (O).  Id.  However, Defendants, in the supporting Certification of Louis Saker, have disclaimed and waived their interests against Debtor, and consequently, the subordination claim is moot.  In that regard, Count One is the only remaining count in the Complaint; jurisdictional analysis will be confined to Plaintiff's claim for breach of the Guaranty against Defendants.  Therefore, because Count One is a non-core, related matter, Defendants urge the Court to abstain from exercising jurisdiction pursuant to 28 U.S.C. § 1334(c)(1).  It is this issue the Court will address.

I.      DISCUSSION

A.      "Related To" Jurisdiction

Federal district courts "have original jurisdiction but not exclusive jurisdiction of all civil proceedings arising under title 11 [of the Bankruptcy Code], or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 157(a) of Title 28 then permits a district court to refer "any and all proceedings arising under title 11 or arising in or related to a case under title

11" to the bankruptcy judges within the district. Id. § 157(a). Accordingly, there are three types of bankruptcy jurisdiction, commonly referred to as "arising under," "arising in," and "related to" jurisdiction.  See In re: W.R. Grace & Co, No. 08-3697, 2009 U.S. App. LEXIS 28761, at *13-14 (3d Cir. Dec. 21, 2009).  Here, Plaintiff only asserts "related to" jurisdiction. "Proceedings over which a bankruptcy court can legitimately exercise related-to jurisdiction include suits between third parties that conceivably may have an effect on the bankruptcy estate."  Id. (citations and internal quotations omitted).  However, "related to" jurisdiction has certain limitations.  Id.; see also Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin., Inc., 502 U.S. 32, 40 (1991) (noting the "limited authority" Congress has vested in the bankruptcy courts through related-to jurisdiction).

To understand the limits of "related to" jurisdiction, the Court will first examine Third Circuit cases that have defined the boundaries of this type of jurisdiction.  In the seminal case of Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984), the Third Circuit adopted the "any conceivable effect" test for finding "related to" jurisdiction.  The court explained:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Id. at 994 (emphasis in original; citations omitted).

Eighteen years later, in In re Federal-Mogul Global, Inc., 300 F.3d 368 (3d Cir. 2002), the Third Circuit reaffirmed the Pacor test and stated "[t]he test articulated in Pacor for whether a lawsuit could 'conceivably' have an effect on the bankruptcy proceeding inquires whether the

allegedly related lawsuit would affect the bankruptcy proceeding without the intervention of yet another lawsuit." <u>Id.</u> at 382.  The court made clear that there is no "related to" jurisdiction over a third-party claim if there would need to be another lawsuit before the third-party claim could have any impact on the bankruptcy proceedings.  Finally, and more recently, in <u>In re Combustion Eng'g, Inc.</u>, 391 F.3d 190, 225 (3d Cir. 2004), the Third Circuit again emphasized the bounds of the <u>Pacor</u> test for "related to" jurisdiction. <u>Id.</u> at 190.  The Third Circuit repeated that the <u>Pacor</u> test, as clarified by <u>Federal-Mogul</u>, requires an inquiry into "whether the allegedly related lawsuit would affect the bankruptcy without the intervention of yet another lawsuit."  <u>Id.</u> at 227; <u>see</u> <u>W.R. Grace</u>, 2009 U.S. App. LEXIS 28761 at *18.

At the outset, the parties do not dispute that this matter is related to Westmon's Chapter 11 proceeding.   In fact, explicitly in their moving brief, Defendants "recognize that the adjudication of the claims asserted by the Plaintiff in Count one of its complaint could at least theoretically affect the administration of the Westmon Chapter 11 proceeding, because it could affect the amount of the Plaintiff's claims against the Debtor (i.e. if the Plaintiff recovered monies from Defendant[s], its claim against Westmon might be reduced, although the Defendants would, in turn, then have claims against Westmon in the same amount by which the Plaintiff's claim would be reduced)."  <u>See</u>, <u>e.g.</u>, <u>In re Dak Mfg. Corp.</u>, 73 B.R. 917, 920 (Bankr. D.N.J. 1987)("[e]ven in the absence of an explicit indemnification agreement, an action by a creditor against a guarantor of a debtor's obligations will necessarily affect that creditor's status vis a vis other creditors, and administration of the estate therefore depends upon the outcome of that litigation").  Here, the dispute lies in whether the Court should abstain from exercising jurisdiction.

B.      **Abstention**

Section 1334(c) of Title 28 of the United States Code provides for two types of abstention:

> (1) [Permissive] Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11; and
>
> (2) [Mandatory] Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction . . . .

28 U.S.C. § 1334(c)(1)-(2); see Honig v. Broege, No. 06-2581, 2006 U.S. Dist. LEXIS 82474, at *20-22 (D.N.J. Nov. 6, 2006).  Since the parties' disagreement is whether the Court should exercise its discretion and abstain pursuant to subsection (c)(1), the Court need not discuss mandatory abstention here.

The Third Circuit has never adopted any factors analyzing permissive abstention because "appeals of district court decisions involving permissive abstention, whether or not the court abstains, are barred." Geruschat v. Ernst Young LLP, 505 F.3d 237, 249 (3d Cir. 2007); see also 28 U.S.C. § 1334(d).  As such, district courts in this circuit have not approached this type of analysis uniformly.  In determining whether to abstain under subsection (c)(1), some courts have considered a set of twelve factors,[1] see Geruschat v. Ernst & Young, LLP., 331 B.R. 208, 220

---

[1]The twelve factors include: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state

(Bankr. W.D. Pa 2005); Bricker v. Martin, 348 B.R. 28, 34 (W.D. Pa. 2006); In re Legates, 381 B.R. 111 (Bankr.D. Del. 2008), while others have considered a set of seven factors, see Jazz Photo Corp. v. Dreier LLP, No. 05-5198, 2005 U.S. Dist. LEXIS 36396, at *20 (D.N.J. 2005);[2] see also In re Donington, Karcher, Salmond, Ronan & Rainone, 194 B.R. 750, 756-59 (Bankr. D.N.J. 1996).  In this case, Plaintiff urges the Court to employ all twelve factors; on the other hand, Defendants ask the Court to use only seven factors in deciding this issue.

The Court observes that the two sets of factors are substantially similar, and courts have stated that not all the factors necessarily need to be considered.  See Geruschat, 331 B.R. at 220. In that connection, "'[c]ourts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative.'"  Id. at 220-221 (quoting  In re Chicago, M. & St. P. & Pac. R.R., 6

---

law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.  Geruschat, 331 B.R. at 220.

[2]The seven factors include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. Jazz Photo, 2005 U.S. Dist. LEXIS 36396 at *20.

F.3d 1184, 1189 (7th Cir. 1993).  Accordingly, here, the Court need not determine which set of factors will control; rather, it will apply the appropriate and necessary factors that are relevant and central to the issue of abstention in this case.

### 1.     Efficient Administration of the Bankruptcy Estate

Plaintiff argues this case would have an effect on the administration of Westmon's bankruptcy because the evidence in both the bankruptcy proceeding and the Guaranty claims is identical.  The Court disagrees.  Here, Westmon is not a party to the Complaint, and the parties agree that Westmon has been authorized to sell substantially all of its assets.  While resolution of this dispute may potentially impact creditor recovery indirectly, the resolution of Plaintiff's claim would neither significantly hinder nor materially advance the efficient administration of Westmon's bankruptcy state.  See, e.g., In re Donington, 194 B.R. at 760; Alderwoods Group, Inc. v. Charter Funerals, Inc, 344 B.R. 727, 730 (Bankr. D. Del. 2006).  This factor favors abstention.

### 2.     The Predominance of State Law Issue

This is a conventional contract dispute involving claims of breach of the Guaranty.  No specific Bankruptcy Code provision is implicated. As such, state law contract issues predominate.  This factor favors abstention.  See Alderwoods, 344 B.R. at 730; TWA v. Icahn, 278 B.R. 42, 52 (Bankr. D. Del. 2002) ("the Icahn Claims and the instant proceeding clearly turn on a determination of state law. Thus, the state law issues predominate over any bankruptcy issues involved").

### 3.      The Difficult or Unsettled Nature of Applicable State Law

"[A]bstention is best when novel or unsettled issues of state law are involved." Official Comm. of Unsecured Creditors of Integrated Health Servs., Inc. v. Elkins, 291 B.R. 615, 620 (Bankr. D. Del. 2003).   In this case, Plaintiff's claim involves "straightforward breach of contract issues." In re LaRoche Indus., Inc., 312 B.R. 249, 254 (Bankr. D. Del. 2004).  As such, it is neither novel nor unsettled. This factor does not favor abstention.

### 4.      Comity

This factor weighs against abstention because no state court or non-bankruptcy proceeding exists. According to the parties, the only pending proceeding related to the chapter 11 case is the instant dispute. As such, this factor does not favor abstention.

### 5.      The Degree of Relatedness to the Chapter Case

As discussed in factor one, the relationship between this case and the bankruptcy case is remote.  Although this dispute involves an agreement that would potentially implicate creditors' recovery in Westmon's bankruptcy proceeding, the issue here is not "inextricably intertwined with administration of the estate." LaRoche, 312 B.R. at 254.  Accordingly, this factor favors abstention.

### 6.      The Substance Over Form of an Asserted "Core" Proceeding

As the parties have agreed, this matter is not a core-proceeding, but rather, a related case to Westmon's bankruptcy proceeding. The lack of "core" matters in this case favors abstention.

### 7.    The Likelihood of Forum Shopping

No threat of forum shopping exists. Westmon's bankruptcy case was filed in this district and the parties agreed that this case is related to the Westmon bankruptcy proceeding.  As such, this factor is neutral.

### 8.    The Existence of a Right to a Jury Trial

Plaintiff contends that the Guaranty contains a waiver of jury trial and therefore, the waiver of jury trial weighs against abstention.  The Court disagrees.  While the right to a jury trial may have been waived, nevertheless, the right existed. "Where such right exists, whether waived or not, it is indicative that, in the absence of federal issues which give a right to a jury trial, a state law claim lies at the heart of the action." In re Republic Reader's Serv., Inc., 81 B.R. 422, 428 (Bankr. S.D. Tex. 1986); Alderwoods, 344 B.R. at 731.  Therefore, this factor favors abstention.

In sum, "[e]valuating these twelve factors is not a mathematical formula." Trans World Airlines, Inc. v. Karabu Corp., 196 B.R. 711, 715 (Bankr. D. Del. 1996). However, the majority of the factors favors permissive abstention. Further, the factors favoring abstention are deemed as more substantive: the action involves only state law issues and will have no effect on the administration of the Debtor's estate.  In re Lowen Group International, Inc., 344 B.R. 727, 731 (Bankr. D. Del. 2003)(citations omitted); LaRoche, 312 B.R. at 255.  Consequently, the Court will abstain.  At this time, since diversity jurisdiction does not exist in this case and the Court abstains from exercising jurisdiction pursuant to 28 U.S.C. § 1334(c)(1), Plaintiff can file its claim against Defendants in state court.  Defendants' motion to dismiss is granted.

Dated: January 12, 2010

                                                     /s/ Freda L. Wolfson
                                          The Honorable Freda L. Wolfson
                                          United States District Judge